1   Dennis K. Blackhurst, AZ Bar No. 021678
    dblackhurst@gillettephelps.com
2   GILLETTE PHELPS, PLC
    3850 EAST BASELINE #125
3   Mesa, Arizona 85206
    Telephone: (480) 861-6637
4   Facsimile: (480) 964-1524

    *Attorney for Defendant Stratton Restoration, LLC*

5

6                      UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8   Cheryl Lucille Gaffner,                Case No. 2:15-CV-02166-JAT

9              Plaintiff,
                                           **ANSWER TO AMENDED**
10  v.                                     **COMPLAINT**

11  Stratton Restoration, LLC,

12             Defendant.

13

14         Defendant Stratton Restoration, LLC, for its answer to Plaintiff's Amended

15  Complaint, states as follows:

16         Defendant denies the fact allegations set forth in the first two unnumbered,

17  introductory paragraphs of the Amended Complaint.

18                      **JURISDICTION AND VENUE**

19

20         1.    Paragraph 1 of the Amended Complaint does not include factual allegations,

21  but statements of law to which no answer is required.  Defendant denies any fact allegations

22  set forth in Paragraph 1.

23         2.    Defendant admits the allegations in Paragraph 2 of the Amended Complaint.

24         3.    Defendant admits the allegations in Paragraph 3 of the Amended Complaint.

25

                                           1

**PARTIES**

4.      Defendant admits the allegations in Paragraph 4 of the Amended Complaint.

5.      Defendant admits the allegations in Paragraph 5 of the Amended Complaint.

6.      Defendant admits the allegations in Paragraph 6 of the Amended Complaint.

7.      Defendant admits the allegations in Paragraph 7 of the Amended Complaint.

8.      Defendant denies the allegations in Paragraph 8 of the Amended Complaint.

**CONDITIONS PRECEDENT**

9.      Responding to Paragraph 9 of the Amended Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

10.     Defendant admits the allegations in Paragraph 10 of the Amended Complaint.

11.     Responding to Paragraph 11 of the Amended Complaint, Defendant states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

**STATEMENT OF FACTS**

*Stratton's Organization*

12.     Defendant admits the allegations in Paragraph 12 of the Amended Complaint.

13.     Defendant admits the allegations in Paragraph 13 of the Amended Complaint.

14.     Responding to Paragraph 14 of the Amended Complaint, Defendant admits that Lance White was employed by Stratton at relevant times as a general manager. Defendant denies the remaining allegations in Paragraph 14 of the Amended Complaint.

15.     Defendant denies the allegations in Paragraph 15 of the Amended Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Amended Complaint.

17.     Responding to Paragraph 17 of the Amended Complaint, Defendant admits that at times Carpenter had a role in determining the work assignments and schedules of Stratton employees, including Gaffner.   Defendant denies the remaining allegations in Paragraph 17 of the Amended Complaint.

18.     Defendant denies the allegations in Paragraph 18 of the Amended Complaint.

### *Cheryl Gaffner*

19.     Responding to Paragraph 19 of the Amended Complaint, Defendant admits that Gaffner was hired in or about July 2012 and admits that Gaffner's job was cleaning post construction off site houses.   Defendant denies the remaining allegations in Paragraph 19 of the Amended Complaint.

20.     Responding to Paragraph 20 of the Amended Complaint, Defendant admits that Carpenter was Gaffner's supervisor.   Defendant denies the remaining allegations in Paragraph 20 of the Amended Complaint.

21.     Defendant denies the allegations in Paragraph 21 of the Amended Complaint.

22.     Defendant denies the allegations in Paragraph 22 of the Amended Complaint.

23.     Defendant denies the allegations in Paragraph 23 of the Amended Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Amended Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Amended Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Amended Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Amended Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Amended Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Amended Complaint.

30.     Defendant denies the allegations in Paragraph 30 of the Amended Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Amended Complaint.

33.     Defendant denies the allegations in Paragraph 33 of the Amended Complaint.

34.     Defendant denies the allegations in Paragraph 34 of the Amended Complaint.

## COUNT I

## (SEXUAL HARASMENT IN VIOLATION OF TITLE VII)

35.     Defendant denies the allegations in Paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations in Paragraph 36 of the Amended Complaint.

37.     Defendant admits the allegations in Paragraph 37 of the Amended Complaint.

38.     Defendant denies the allegations in Paragraph 38 of the Amended Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Amended Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Amended Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Amended Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Amended Complaint.

## COUNT II

## (UNLAWFUL RETALIATION IN VIOLATION OF TITLE VII)

43.     Defendant denies the allegations in Paragraph 43 of the Amended Complaint.

44.     Defendant denies the allegations in Paragraph 44 of the Amended Complaint.

45.     Defendant denies the allegations in Paragraph 45 of the Amended Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Amended Complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

47.    Defendant denies the allegations in Paragraph 47 of the Amended Complaint.

48.    Defendant denies the allegations in Paragraph 48 of the Amended Complaint.

49.    Defendant denies the allegations in Paragraph 49 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred because they were not filed timely under federal law. Plaintiff's complaint was filed more than 90 days after receipt of her right to sue letter from the state.

2. Plaintiff's claims are time-barred to the extent that they include claims for alleged actions that occurred more than 300 days before she filed her claim.

3. Plaintiff's claims are barred by her own failure to report the alleged harassment to management at Stratton Restoration, LLC.

4. Plaintiff's claims are barred by her failure to exhaust administrative remedies.

5. Plaintiff's claims fail to allege a claim upon which relief can be granted.

6. Plaintiff's allegations fail to establish a hostile workplace environment or quid pro quo claim of harassment.

7. Plaintiff's claims are barred by her failure to include a necessary party, the alleged wrongdoer, David Carpenter.

8. Plaintiff's claims are barred because she has not alleged wrongdoing by Defendant Stratton Restoration, LLC, or respondeat superior liability.

9. Plaintiff's claims are barred because she was terminated for poor work performance before she raised any claim of harassment to any member of management.

10. Plaintiff's claims are barred by her failure to mitigate her damages.

WHEREFORE, Defendant Stratton Restoration, LLC, respectfully requests that the Court dismiss the Complaint with prejudice and award Stratton Restoration, LLC its reasonable attorneys' fees and costs incurred in defending this matter under applicable statutory or common law authority.

DATED this 28th day of April, 2016.

**GILLETTE PHELPS PLC**

By   *Dennis Blackhurst*
     Dennis K. Blackhurst
     3850 East Baseline, Suite 125
     Mesa, AZ  85206
     *Attorney for Defendant Stratton Restoration, LLC*

1

2

3

4

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 28th day of April, 2016:

5

6

7

8

Nina Targovnik
Amanda M. Caldwell
Pamela M. Bridge
Community Legal Services
305 South Second Avenue
Phoenix, Arizona 85003
Attorneys for Plaintiff

9

*s/ Dennis Blackhurst*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25